UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No. 2:20-cv-0892-EFB P<br><br><br><br>ORDER |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed an application to proceed in forma pauperis which makes the required showing and will be granted. ECF Nos. 5 & 7 (Prison trust fund account statement). The instant petition, however, does not state a cognizable habeas claim for the reasons explained below.

I.   Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////

/////

1

II.     Analysis

The court has reviewed the petition and finds it difficult to discern the nature of plaintiff's claims. At the beginning of the petition, he claims that he is not challenging a court conviction, but rather a two-year period of unlawful detention in the Yolo County Jail. ECF No. 1 at 4. He details allegedly unconstitutional actions taken by his interrogators and argues that a habeas writ should issue that deems the time spent in the Yolo County Jail to be time served. *Id.* at 5. He also mentions money damages, which are unavailable in a habeas action, but his petition is difficult to read and it is unclear if he is acknowledging their unavailability or requesting them. *Id.* at 6; *see Sisk v. CSO Branch*, 974 F.2d 116, 117 (9th Cir. 1992) ("Habeas corpus . . . is not the appropriate or even available remedy for damages claims."). Moreover, this claim does not, as petitioner himself admits, challenge an actual state court conviction. See 28 USCS § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added). Nor can the court order him released since he is no longer at the jail. To the extent petitioner seeks recompense for the allegedly unlawful detention, the appropriate remedy, if any, is a money damages action pursuant to section 1983.

    In what appears to be a separate habeas claim, petitioner references events that occurred at a trial in Yolo County. ECF No. 1 at 7. He makes various claims but provides little detail as to each. He alleges that: (1) the prosecution withheld finger and shoe prints that were not his; (2) the prosecution did not call witnesses who allegedly saw someone else commit the crime (which is never specifically defined in the petition) he was accused of; (3) the prosecution did not reveal that some of the witnesses against petitioner had been paid; and (4) the prosecution wrongly suggested that petitioner had confessed to the crime when, in reality, petitioner "was only following instructions so [that] the real shooters would leave his family alone . . . ." *Id.* The foregoing claims are too vague to proceed. In any amended petition he files, petitioner should provide greater factual background as to the crime of which he was convicted (including the procedural background at trial) and what state appellate or habeas procedures to which he has

availed himself.  The court notes that petitioner refers the reader to a California case number and states that other relevant documents are in possession of the California Attorney General and his previous other counsel (whom he does not identify).  *Id.* at 7-8.  The petition itself should articulate his claims cogently and not depend on the reader to obtain outside documents and infer his claims therefrom.

Accordingly, the petition will be dismissed with leave to amend to remedy the foregoing deficiencies.

### III.    Conclusion

In light of the foregoing, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is GRANTED; and

2. The petition (ECF No. 1) is DISMISSED with leave to amend.  Petitioner shall file an amended petition within thirty (30) days from the date of service of this order.  Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED:  June 22, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE