UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KEN CLARK,<br><br>　　　　Respondent. | No. 2:20-cv-892-EFB P<br><br><br>ORDER |

　　　Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed his initial application with leave to amend after finding that the precise nature of his habeas claims could not be discerned therefrom. ECF No. 9. Petitioner has now filed an amended petition (ECF No. 11) which the court must screen. For the reasons stated below, the court finds that the amended petition is not any clearer than its predecessor. Petitioner will be given one final opportunity to amend his petition before the court recommends that it be dismissed without further leave to amend.

　　　I.　　Legal Standards

　　　The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

II.     Analysis

As before, there appear to be at least two separate sections in the petition. At the outset, petitioner alleges that he was detained in the Yolo County Jail for approximately a year without any pending charges or valid conviction. ECF No. 11 at 1. He claims that a detective – Ken Fisch – was responsible for his lengthy detention and, during that time, succeeded in forcing petitioner to confess to an unspecified crime by intimating that petitioner would only be released if he did so. *Id.* at 2-3.

Then, petitioner begins describing a series of events that allegedly occurred at his "second trial proceeding." *Id.* at 4. These events are difficult to follow insofar as they are not divided by claim (or any other sub-heading), petitioner's handwriting is difficult to read, and the petition offers little in the way of context. The court is able to discern that petitioner is arguing that: (1) the prosecution declined to call a witness who would have offered favorable testimony to the petitioner; (2) he did not shoot the victim[1]; (3) he entered a no contest plea and was denied a subsequent opportunity, as he claims is mandated by state law, to return to court once he had sufficient evidence to prove his innocence; and (4) he would not have entered a no contest plea absent the misconduct Ken Fisch is alleged to have undertaken against him. *Id*. at 6-11. It is, however, unclear whether each of these arguments is its own claim or whether any have been properly exhausted in state court. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (petitioner had the burden of pleading exhaustion). Most importantly, none of these claims – assuming they are intended as such – is sufficiently plead to proceed. As the court advised petitioner in its previous order, additional factual and procedural background was essential to adequately pleading his habeas claims. ECF No. 9 at 2-3. Petitioner has declined to provide that background and, without it, the court is unable to determine whether any of these claims are cognizable to proceed past screening.

/////

---

[1] Again, petitioner never details precisely what crime(s) he was charged with – either in terms of California penal code sections or basic factual background. Instead, he describes a scene, offered without sufficient context, in which two other, unnamed individuals perpetrated the shooting which, presumably, the prosecution had charged him with. ECF No. 11 at 6.

The court will offer petitioner one final opportunity to amend before recommending dismissal.  If he elects to do so, his amended petition should: (1) clearly emphasize each of his separate claims; (2) offer the necessary factual and procedural background to comprehend the nature of each of his separate claims; (3) indicate whether each of his claims has been properly exhausted in state court; and (4) indicate whether he is still attempting to challenge his lengthy detention in the Yolo County Jail in this petition.[2]

### III. Conclusion

Accordingly, it is ORDERED that the amended petition (ECF No. 11) is DISMISSED with leave to amend.  Any amended petition shall be filed not later than thirty days from the date of service of this order.  Failure to file an amended petition will result in a recommendation that this action be dismissed.

DATED:  September 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As the court explained in its previous order, petitioner's claims regarding excessive time spent in the Yolo County Jail – insofar as he is no longer confined there – would entitle him only to potential relief in a section 1983 lawsuit.  ECF No. 9 at 2.