1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL JEROME HATCHETT,

                    Petitioner,

          v.

KEN CLARK,

                    Respondent.

Case No.   2:20-cv-00892-KJM-JDP (HC)

FINDINGS AND RECOMMENDATIONS
THAT RESPONDENT'S MOTION TO
DISMISS BE GRANTED

OBJECTIONS DUE IN FOURTEEN DAYS

ECF No. 34

Petitioner Cecil Jerome Hatchett, a state prisoner, proceeds on his third amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 31. Respondent filed a motion to dismiss, ECF No. 34, petitioner filed an opposition, ECF No. 35, and respondent filed a reply, ECF No. 37. Petitioner has also filed a second opposition, ECF No. 38, that will not be considered because he is not entitled to a sur-reply. For the reasons stated below, I recommend that respondent's motion be granted.

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled relief and, if so, recommend dismissal of the petition.

Respondent argues that the third amended petition should be dismissed as successive. ECF No. 34 at 2. He contends that it challenges the same 1994 conviction for first degree murder

1    as was challenged in *Hatchett v. Lungren*, No. 2:98-cv-00345-WBS-JFM (E.D. Cal. 1998), a case

2    that was denied on the merits in 2003.  ECF Nos. 36-3, 36-4, 36-5, & 36-6.  Under 28 U.S.C.

3    § 2244(b)(1) courts must dismiss any habeas claim presented in a successive petition that was or

4    could have been raised in a prior petition.  "A habeas petition is second or successive only if it

5    raises claims that were or could have been adjudicated on the merits."  *McNabb v. Yates*, 576 F.3d

6    1028, 1029 (9th Cir. 2009).  The third amended petition explicitly challenges the 1994 murder

7    conviction, ECF No. 31 at 1, and is successive insofar as it raises claims that could have been

8    raised in that earlier petition.

9        In his opposition, petitioner contends that his petition challenges multiple convictions and,

10   thus, is not successive.  ECF No. 35 at 2 (referencing separate "illegal convictions").  But

11   Rule 2(e) of the Rules Governing Section 2254 does not permit a single petition to attack

12   judgments from more than one state court.  Separately, petitioner argues that his petition is not

13   successive because he is challenging illegal sentencing enhancements stemming from his earlier

14   conviction.  ECF No. 35 at 2-3.  But as respondent correctly points out, the Supreme Court has

15   foreclosed such challenges.  *See Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 402

16   (2001).  Petitioner may pursue claims related to his 1994 conviction if and when he receives

17   authorization from the Ninth Circuit to pursue a successive petition.  *See* § 2244(b)(3).

18       For the foregoing reasons, I recommend that Respondent's motion to dismiss, ECF No.

19   34, be GRANTED and that the third amended petition be dismissed without leave to amend.

20       These findings and recommendations are submitted to the U.S. district judge presiding

21   over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the

22   service of the findings and recommendations, the parties may file written objections to the

23   findings and recommendations with the court and serve a copy on all parties.  That document

24   must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

25   presiding district judge will then review the findings and recommendations under 28 U.S.C.

26   § 636(b)(1)(C).

27

28

IT IS SO ORDERED.

Dated:    January 26, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE